[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13593
Non-Argument Calendar

_____

D. C. Docket No. 96-00078-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL EDWARD DICKEY,
a.k.a. Michael Eugene Jackson,
a.k.a. Dickey Doo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 11, 2006)

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Michael Edward Dickey, a federal prisoner proceeding pro se, appeals the district court's denial of his motion to compel the government to file a Fed.R.Crim.P. 35(b) substantial assistance motion. Dickey argues that, after a first Rule 35(b) motion was made and granted, he entered into a new, oral agreement with the government under which the government would file another 35(b) motion if Dickey provided additional substantial assistance. He asserts that he has provided such assistance, and that the government now must file another motion to reduce his sentence.

Although we review de novo the question of whether the government can be compelled to file a substantial assistance motion, see United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993), a district court's factual credibility determinations warrant deference. United States. v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir.2002). Like "all facts," credibility determinations "are construed in the light most favorable to the prevailing party below." United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir.2000).

Dickey does not claim that the prosecution breached the written plea agreement under which the government first submitted a successful substantial assistance motion. By that agreement's own terms, the government was free to determine, absent unconstitutional motives, whether Dickey's assistance was

2

substantial and, on that basis, to decide whether to file a 35(b) motion. Rather, Dickey claims that the government beached a subsequent, oral agreement. The government disagrees. In addition to its specific and explicit counter-assertions on appeal, the government implicitly denied that an oral agreement ever existed when it certified to the district court the question of Dickey's substantial performance.

The district court was entitled to disbelieve Dickey's claim that the government promised him another 35(b) motion. Certainly this "understanding of the facts" would not be "unbelievable." See Ramirez-Chilel, 289 F.3d at 749. On the contrary, the existence of a superceding oral agreement is dubious in light of the terms of the written plea agreement, the government's successful and good faith performance of that agreement, and the subsequent lengths to which the government went in the defendants' relatively unproductive efforts to provide substantial assistance. Accordingly, the judgment of the district court is

**AFFIRMED.**